UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANK MORROW,

    Plaintiff,

    v.

CITY OF OAKLAND, et al.,

    Defendants.

Case No. 14-cv-01514-JD

**ORDER DENYING MOTIONS AND STAYING CASE**

    The Court denies defendants' and plaintiff's respective motions that are pending in this case. Dkt. Nos. 16, 30, 43. The Court also stays the case.

**I. DEFENDANT EDWIN WILSON'S MOTION TO DISMISS (DKT. NO. 16)**

    Defendant Edwin Wilson requests that plaintiff Frank Morrow's first amended complaint be dismissed as against him because "Wilson's name appears once in the caption and once in the body of the First Amended Complaint, at paragraph 20. . . . There are no other allegations in the complaint relating to Wilson." Dkt. No. 16 at 3.

    In his reply brief, however, Mr. Wilson acknowledges that the statement that his name appears only twice in the complaint is "erroneous," and that he inadvertently missed the "additional 80 pages" that make up the second half of Mr. Morrow's first amended complaint and were filed as an attachment on the Court's ECF docket. Dkt. No. 33 at 2. Counsel further "apologizes for this oversight." *Id*. While Mr. Wilson goes on to list reasons why the first amended complaint should nevertheless be dismissed as against him, the Court finds that these are new arguments which have been raised for the first time in a reply brief and as to which Mr. Morrow has had no opportunity to respond. Such arguments are not permitted, and Mr. Wilson's motion to dismiss is denied on that basis.

In light of the inadvertent nature of Mr. Wilson's error, however (as well as the fact that he forthrightly acknowledged his error as such), the Court intends to provide Mr. Wilson with an additional opportunity to move to dismiss, should that be appropriate when the stay that is imposed below is subsequently lifted.

**II. DEFENDANTS' MOTION TO QUASH SERVICE (DKT. NO. 30)**

Also pending is a motion to quash service that was filed by defendants City of Oakland, Sean Whent and Barbara Parker. Dkt. No. 30. At the hearing on the motion, defense counsel Mr. Wilson (who is himself a defendant, as noted above) indicated that he represents defendants City of Oakland and Barbara Parker only. Mr. Wilson then agreed to accept service on behalf of those two defendants, and he has subsequently acknowledged to the Court that Ms. Parker and the City of Oakland have now been served. *See* Dkt. Nos. 56, 60. The Court construes the motion to quash service as having been brought on behalf of the City of Oakland and Barbara Parker only, and denies it as moot.

**III. PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF (DKT. NO. 43)**

Plaintiff Mr. Morrow, for his part, has requested that the Court issue a preliminary injunction ordering the City of Oakland to stop garnishing his wages pursuant to an "unlawfully obtained judgment." Dkt. No. 43 at 1-2. Mr. Morrow contends that defendant Mr. Wilson "violated Oakland City Charter section 401(6) by filing a bogus breach of contract cross complaint against MORROW in state court without first obtaining the requisite ratification or direction from the Oakland City Council as required by Charter provision 401(6). [¶] WILSON . . . prevailed and obtained a judgment against MORROW for attorneys cost and fees . . . ." *Id*. at 10.

It appears that the judgment Mr. Morrow is attacking here is the one issued by the California Superior Court on December 12, 2006, on a cross-complaint for damages that was filed by Mr. Wilson on behalf of the City of Oakland. *See* Dkt. Nos. 9-10, 9-11. That state court judgment awarded the City "$26,565.29 against Morrow for breach of the *Morrow I* settlement agreement." Dkt. No. 9-10 at 5.

Mr. Morrow's primary complaint appears to be that the cross-complaint was filed without Mr. Wilson or any member of the Oakland City Attorney's Office "obtain[ing] direction or

2

ratification from the CITY council to sue Plaintiff." Dkt. No. 12 at 90. He claims that this violated Oakland City Charter section 401(6) which provides that "The City Attorney . . . may, whenever a cause of action exist[s] in favor of the City, commence legal proceedings, subject to ratification by the City Council, when such action is within the knowledge of the City Attorney, or he or she shall commence legal proceedings when directed by the City Council . . . ." *Id*. *See also* Dkt. No. 43, *e.g.*, at 10-11 (explaining that "the basis for this petition for injunctive relief is for" the Court to order City to stop garnishing plaintiff's wages pursuant to a judgment that was obtained by Mr. Wilson after "intentionally bypass[ing] the Oakland City Council").

What Mr. Morrow is really asking for is that this federal court enjoin defendants from enforcing a judgment issued by the California state court, on the basis of defendants' alleged fraud in obtaining that judgment. *See* Dkt. No. 12 at 151-52, 155-56. But the Court declines to take any such action pursuant to well-established principles of federalism and comity. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13, 19 (1987) (recognizing states' interest in "ensuring that its orders and judgment are not rendered nugatory" and the "importance to the States of enforcing the orders and judgments of their courts"). Mr. Morrow's request for a preliminary injunction is consequently denied.

**IV. STAY OF CASE**

It is well known to the parties and the Court that Mr. Morrow has filed multiple related actions in state and federal courts, at the trial and appellate levels. *See*, *e.g.*, Dkt. No. 9-10 at 2-6 (California Court of Appeal opinion summarizing related actions referred to as *Morrow I* to *Morrow III*, as of September 13, 2007). Most recently, Magistrate Judge Laurel Beeler of this Court issued a summary judgment order on December 19, 2013, in which she, too, summarized the related actions that she also referred to as *Morrow I* through *Morrow III*. *See* Dkt. No. 9-17 at 2-3. The Court will refer to the case decided by Magistrate Judge Beeler as *Morrow IV*, and this one, as *Morrow V*.

As Mr. Morrow acknowledges, and as the Court discussed with the parties at a prior hearing, *Morrow IV* is currently on appeal to the Ninth Circuit Court of Appeals as Case No. 13-

17658.  The Court's review of that docket shows that briefing is complete, but the case is still awaiting resolution.

Based on the Court's careful review and consideration of the 157-page first amended complaint in this case (Dkt. No. 12), Judge Beeler's 23-page summary judgment order in *Morrow IV* (Dkt. No. 9-17), defendant Mr. Wilson's and plaintiff Mr. Morrow's respective statements addressing the scope of overlap between this case, *Morrow V*, and the currently-pending Ninth Circuit appeal of *Morrow IV* (Dkt. Nos. 48, 52), and other filings in this case and the related actions, the Court concludes that the scope of overlap is significant enough to warrant a stay of this case pending resolution of the current appeal of *Morrow IV*.  Even if the issues may not overlap completely, the overlap is substantial enough that the Court declines to expend its limited resources deciding issues that are likely to soon be decided by the Ninth Circuit.

## CONCLUSION

For the reasons stated above, the pending motions listed above are denied, and this case is stayed in favor of plaintiff's appeal that is currently pending before the Ninth Circuit Court of Appeals, Case No. 13-17658.  The stay will remain in place until further order of the Court.  No defendant need file a response to the first amended complaint while the stay is in place, nor may any party, plaintiff Mr. Morrow or any defendant, file any document with the Court without first seeking leave to do so, with the exception of the following.  The parties are directed to file joint status updates every 90 days while the Ninth Circuit case remains open, and the parties are additionally directed to file an immediate notice should the Ninth Circuit issue a decision.

Once the Ninth Circuit has issued its decision, the Court will set a case management conference in this case.  The Court will discuss with the parties at that time how this case should move forward in light of the Ninth Circuit's decision.

**IT IS SO ORDERED.**

Dated:  March 3, 2015

_____
James Donato
United States District Judge

4